IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NORTH CAROLINA GREEN PARTY, ANTHONY NDEGE, MICHAEL TRUDEAU, MATTHEW HOH, SAMANTHA WORRELL, SAMANTHA SPENCE, K. RYAN PARKER AND AARON MOHAMMED,<br><br>           Plaintiffs,<br><br>    v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS.<br><br>           Defendant. | Case No. 5:22-CV-276-D-BM |

## MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF PROPOSED INTERVENORS' MOTION TO INTERVENE

The DSCC and North Carolina Democratic Party ("NCDP") (collectively "Proposed Intervenors") respectfully request that the Court expedite consideration of their Motion to Intervene as Defendants (the "Motion to Intervene"), ECF No. 15, to ensure that they have an opportunity to participate in any forthcoming preliminary injunction proceedings. Proposed Intervenors propose setting a deadline of July 22, 2022, for any response to their Motion to Intervene, with any reply due no later than July 26, 2022 at 12:00 p.m. While Plaintiffs do not consent to this expedited schedule, they offer no reason why such expedited consideration is not appropriate, particularly in view of the expedited relief they seek. To the contrary, good cause exists to adopt this schedule due to the significant prejudice the Proposed Intervenors will suffer if they are not permitted to participate in any preliminary injunction proceedings. They therefore

1

respectfully ask, under Local Civil Rule 7.1(f)(1), that the Court adopt their proposed schedule. A proposed order is attached.

* * *

Proposed Intervenors seek to intervene to protect their significant interests at stake in this litigation, as explained in their Memorandum of Law in Support of Motion to Intervene as Defendants ("Mem."), ECF No. 16. Specifically, the Proposed Intervenors want to ensure a fair competitive playing field for their candidates; to conserve their party resources; to protect their own members from misleading petition schemes; to ensure North Carolina's election laws are applied competently and fairly; and to defend against inaccurate accusations levied at them by Plaintiffs. *See* Mem. at 2, 18-21. Plaintiffs have indicated they intend to oppose the Motion to Intervene and, under the Local Rules, their Response is currently due on Monday, August 8, 2022. *See* E.D.N.C. L.Cv.R. 7.1(f)(1).[1]

The Court has ordered the existing parties in the case to propose a schedule for Plaintiffs' forthcoming motion for a preliminary injunction by 12:00 p.m. on July 19, 2022. *See* July 18, 2022 ECF Minute Entry, ECF No. 18. Based on the schedule proposed by Plaintiffs' counsel during the July 18 status conference, it is likely that any preliminary injunction motion will be fully briefed— and perhaps even resolved—well ahead of Plaintiffs' August 8 deadline to respond to the Motion to Intervene. At minimum, any opportunity to oppose the motion will likely have passed, and Proposed Intervenors will be excluded from the preliminary injunction briefing process.

Counsel for the Proposed Intervenors therefore reached out to the existing parties on July 18 to ask for their consent in requesting expedited consideration of the Motion to Intervene. *See*

---

[1] Defendant North Carolina State Board of Elections ("NCSBE") indicated that it took no position as to the Proposed Intervenors' Motion to Intervene at the time of filing but reserved the right to take a position as this action proceeds.

Ex. A at 2. The Proposed Intervenors offered July 22, 2022, as an appropriate deadline for any response, as that would permit the Court to take the Motion to Intervene under advisement before any deadline to oppose the forthcoming preliminary injunction motion. *Id.* Counsel for the Proposed Intervenors indicated they were willing to confer on any specific proposed deadline. *Id.*

Plaintiffs' counsel responded that "Plaintiffs do not consent" to the motion but did not provide any reason for refusing consent or offer any alternative date for a response. *Id.* at 1. Proposed Intervenors' counsel sought clarification and asked if Plaintiffs opposed *any* expedited consideration of their motion or merely opposed the July 22 deadline specifically, and again offered to meet and confer on the latter point. *Id*. The Proposed Intervenors reiterated that there was a clear need for the Court to consider their Motion to Intervene before resolving any preliminary injunction motion. *Id.* The Proposed Intervenors have not heard back from Plaintiffs' counsel as of the time of filing.

Notwithstanding the refusal of Plaintiffs' counsel to discuss a reasonable schedule, good cause exists for expediting briefing and consideration of the Motion to Intervene. The Court's resolution of any preliminary injunction motion will directly impact the Proposed Intervenors' significant protectable interests in this litigation and impair their ability to protect those interests. If decision on the Motion to Intervene is not expedited, the relief sought by Plaintiffs—an order compelling NCSBE to recognize the North Carolina Green Party before mid-August (Compl. ¶ 87(B))—will impair the Proposed Intervenors' interests before they even have an opportunity to be heard, defeating the purpose of their intervention. *See In re Grand Jury Proceedings (PHE, Inc.)*, 640 F. Supp. 149, 151 (E.D.N.C. 1986) ("The purpose of intervention is to allow a third party to protect its interests[.]").

Courts within this Circuit have expedited consideration of motions to intervene in similar circumstances. In *League of Women Voters of Virginia v. Va. State Bd. of Elections*, No. 6:20-CV-00024, 2020 WL 2090678, at *5 (W.D. Va. Apr. 30, 2020), the Court granted the Republican Party of Virginia's request to intervene within a week of filing its motion after the party "agreed that, if allowed to intervene, they would comply with the Court's expedited briefing schedule on Plaintiff's motion for a preliminary injunction." *Id.*; *see also Thomas v. Andino*, 335 F.R.D. 364, 371 (D.S.C. 2020) (granting South Carolina Republican Party's motion to intervene one week after filing where party was prepared "to meet the expedited briefing deadline" and attend hearing). The Proposed Intervenors here similarly made clear that they "recognize the time-sensitive nature of the underlying Complaint and are prepared to comply with any schedule the Court may set." Mem. at 18. But they cannot do so if the Court is not able to take their Motion to Intervene under advisement until August 8. The Plaintiffs should be required to respond to the Motion to Intervene within a reasonable timeframe that still permits Proposed Intervenors the opportunity to participate in resolving any preliminary injunction motion. *See Canadian Nat. Ry. Co. v. Montreal, Maine & Atl. Ry., Inc.*, No. CV-10-452-B-W, 2010 WL 4668460, at *1 (D. Me. Nov. 9, 2010) (seeking an "expedited response" to "motion to intervene" so that, if intervention is granted, intervenor "will have the opportunity to participate in the resolution of the motion for TRO").

Proposed Intervenors respectfully request that this Court grant this motion, enter the attached proposed order setting an appropriate briefing schedule, and otherwise expedite consideration of their Motion to Intervene.

Dated: July 19, 2022.

Respectfully submitted,

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420

4

Chapel Hill, NC 27517
Telephone: 919.942.5200
nghosh@pathlaw.com

Aria C. Branch*
Christopher D. Dodge*
Christina A. Ford*
Richard Medina*
ELIAS LAW GROUP LLP
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
abranch@elias.law
cdodge@elias.law
cford@elias.law
rmedina@elias.law

*Counsel for Proposed Intervenor-Defendants DSCC and North Carolina Democratic Party*

*Notice of Special Appearance Forthcoming

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

DATED: July 19, 2022.                  /s/ Narendra K. Ghosh
                                              Narendra K. Ghosh, NC Bar No. 37649
                                              PATTERSON HARKAVY LLP
                                              100 Europa Drive, Suite 420
                                              Chapel Hill, NC 27517
                                              Telephone: 919.942.5200
                                              nghosh@pathlaw.com