IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NORTH CAROLINA GREEN PARTY, ANTHONY NDEGE, MICHAEL TRUDEAU, MATTHEW HOH, SAMANTHA WORRELL, SAMANTHA SPENCE, K. RYAN PARKER, and AARON MOHAMMED,<br><br>*Plaintiffs,*<br><br>*vs.*<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS and DAMON CIRCOSTA, STELLA ANDERSON, JEFF CARMON III, STACY EGGERS IV, TOMMY TUCKER, and KAREN BRINSON BELL, in their official capacities as members or employees of the North Carolina State Board of Elections.<br><br>*Defendants.* | Civil Action No. 5:22-cv-276-D-BM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The National Republican Senatorial Committee ("NRSC") submits this memorandum to support its Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Motion for Preliminary Injunction.

The NRSC, a national committee devoted to aiding Republican candidates in their campaigns for the U.S. Senate, is supporting the campaign of Tedd Budd, Republican nominee for U.S. Senate, in the November 8, 2022 election. The NRSC maintains an interest in ensuring a fair electoral playing field amongst all candidates who meet the legal requirements to participate in the senatorial race, ensuring that North Carolina enforces its voting laws consistently and not arbitrarily, and protecting its campaign resources from politically motivated state action that would serve to disadvantage its interests in the upcoming senatorial election.

The NRSC has drawn on its extensive experience in election law, along with its recent history with the North Carolina State Board of Elections (the "Board"), to provide the Court in its proposed *amicus* brief with additional legal support and analysis in support of Plaintiffs' Motion. The NRSC requests that the Court exercise its discretion to grant the NRSC leave to file an *amicus curiae* brief.

## SUMMARY OF THE NATURE OF THE CASE

Defendants, acting through the Board, declined to recognize the North Carolina Green Party (the "Green Party") as a new political party in North Carolina for the 2022 general election, pursuant to N.C. Gen. Stat. § 163–96(a)(2). Doc. 27, Amend. Compl., ¶¶ 1, 30, 74; Doc. 29, Mem. Supp. Mot. Prelim. Inj. at 1.[1] The Green Party sought recognition in North Carolina as a new political party by timely submitting a sufficient number of verified signatures from North Carolina registered voters to the Board. N.C. Gen. Stat. § 163–96(a)(2); Doc. 27, Amend. Compl., ¶¶ 21–28. Plaintiffs, consisting of the Green Party, its candidates the 2022 general elections, certain individual Green Party supporters, and individuals who helped lead the Green Party's petition effort to be recognized as a political party, Doc. 27, Amend. Compl., ¶¶ 2, 6–13, are challenging the Board's denial of recognition for the Green Party as an unconstitutional violation of Plaintiffs' First and Fourteenth Amendment right to vote and freedom to associate, as well as Plaintiffs' Fourteenth Amendment right to procedural due process. *Id.* ¶¶ 84–92; Doc. 29, Mem. Supp. Mot. Prelim. Inj. at 7–15.

---

[1] *See also* June 30, 2022, Board Press Release, available at https://www.ncsbe.gov/news/press-releases/2022/06/30/amid-investigation-state-board-turns-down-green-party-recognition (accessed July 23, 2022) ("The State Board of Election on Thursday voted not to recognize the Green Party as an official political party in North Carolina . . . .")

# STATEMENT OF RELEVANT FACTS

The NRSC's proposed *amicus curiae* brief supports and supplements the constitutional arguments made in Plaintiffs' Memorandum in Support of Plaintiffs' Emergency Motion for Preliminary Injunction. Doc. 29. Accordingly, the facts relevant to the arguments in the NRSC's *amicus curiae* brief are detailed in Plaintiffs' Memorandum and Amended Complaint. *See generally* Doc. 27, Amend. Compl.; Doc. 29, Mem. Supp. Mot. Prelim. Inj. Principally, the Board denied the Green Party's petitions to be certified as a new political party, despite the Green Party's compliance with the requirements of N.C. Gen. Stat. § 163–96(a)(2), without providing the Green Party with an explanation for the decision or an opportunity to contest it. *See* Doc. 27, Amend. Compl., ¶ 1, 30, 66, 75–77; Doc. 29, Mem. Supp. Mot. Prelim. Inj. at 1–7. Plaintiffs seek a preliminary injunction that:

> (1) directs [the Board] to certify [the Green Party] as a new party entitled to place its candidates on North Carolina's November 8, 2022 general election ballot pursuant to § 163-96(a)(2); (2) enjoins [the Board] from enforcing the July 1, 2022 deadline prescribed by § 163-98 against Plaintiffs; and (3) directs [the Board] to take any and all other action necessary to ensure the inclusion of [the Green Party]'s candidates, including Plaintiff Hoh and Plaintiff Trudeau, on North Carolina's November 8, 2022 general election ballot.

Doc. 29, Mem. Supp. Mot. Prelim. Inj. at 16. Plaintiffs' Motion was filed 3 business days ago. *See* Doc. 28, Emergency Mot. Prelim. Inj. Defendants' response is due on July 29, 2022. Doc. 26, Order.

# ARGUMENT

District courts have discretion in deciding whether to grant a motion for leave to file an *amicus* brief. *See N.C. Right to Life, Inc. v. Leake*, No. 5:99-CV-798-BO(3), 2000 WL 36741021, at *1 (E.D.N.C. Mar. 13, 2000); *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). "The aid of amici curiae has been allowed at the

trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Kadel v. Folwell*, No. 1:19CV272, 2022 WL 1046313, at *1 (M.D.N.C. Apr. 7, 2022) (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)). "Ultimately, the question is one of utility" with courts granting leave where they "deem[] the proffered information timely and useful." *Id.* at *1 (quoting *Finkle v. Howard Cnty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014)).

Because no Federal Rule of Civil Procedure governs motions for leave to file *amicus* briefs in district court, "[d]istrict courts . . . often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure." *Am. Humanist Ass'n*, 303 F.R.D. at 269; *accord Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20CV457, 2020 WL 6589359, at *2 (M.D.N.C. June 30, 2020). Rule 29 requires that a movant for leave to file an *amicus* brief state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29.

### I. The NRSC has a special interest in this case.

The NRSC is a national organization devoted to aiding Republican candidates in their campaigns for the U.S. Senate, providing thorough support and assistance to current and prospective Republican candidates in areas such as budget planning, election law compliance, fundraising, communications tools and messaging, and research and strategy. As such, the NRSC is heavily vested in ensuring that Republican senatorial candidates, such as Tedd Budd in North Carolina, enjoy a fair electoral environment in accord with state election laws and the United States Constitution. *See Democracy N.C.*, 2020 WL 6589359, at *1 (finding that the NRSC has an interest in "preserving North Carolina's voting and election laws"); *cf. N.C. State Conf. of NAACP v. McCrory*, 997 F. Supp. 2d 322, 342 (M.D.N.C. 2014), (noting that political parties "have a direct,

particularized interest in the outcome of an election" (citation omitted)) *aff'd in part, rev'd in part and remanded sub nom. League of Women Voters of N.C. v. N.C.*, 769 F.3d 224 (4th Cir. 2014). The Middle District of North Carolina has previously allowed the NRSC to appear as *amicus curiae* in matters regarding North Carolina election integrity. *See Democracy N.C.*, 2020 WL 6589359, at *2.

This case directly implicates the NRSC's interest in ensuring that (1) the North Carolina senatorial ballot includes all qualified candidates, (2) North Carolina enforces its voting laws consistently and not arbitrarily, and (3) the NRSC's campaign resources are not adversely affected through politically motivated state action. Plaintiffs have marshalled evidence strongly suggesting that the actions of the Board are a politically motivated effort to unfairly enhance the Democratic Party's electoral prospects in the November 8, 2022 election, to the detriment of the NRSC and freedom of choice for the electorate generally. *See, e.g.*, Doc. 28-2, July 18, 2022 Decl. Michael Trudeau, ¶ 6 ("[A]n individual who identified himself as 'with the North Carolina Democrats' . . . claimed that the Green Party would 'create a disadvantage to the . . . Democratic Party, dividing votes there and giving an advantage to the Republican Party'"); Doc. 28-4, July 21, 2022 Decl. Rose Seeman, ¶¶ 5–6 (similar); Doc. 28-11, July 20, 2022 Decl. Aaron Mohammed, ¶¶ 6–9 (similar); Doc. 28-13, July 21, 2022 Decl. Ryan Parker, ¶¶ 10–11 (similar); Doc. 28-14, July 21, 2022 Decl. Ahmed Selim, ¶¶ 5–6 (similar). The NRSC has an interest in ensuring qualified Green Party candidates are not categorically excluded from the ballot. *See, e.g.*, *Nat. Law Party of U.S. v. Fed. Elec. Comm'n*, 111 F. Supp. 2d 33, 44 (D.D.C. 2000) ("The inability to compete on an equal footing due to the application of allegedly biased criteria has been recognized in many contexts as an injury in fact [to a political party]" (citing *Ne. Fla. Chapter v. Jacksonville*, 508 U.S. 656 (1993); *Clements v. Fashing*, 457 U.S. 957 (1982))); *Pavek v. Simon*, 467 F. Supp. 3d

5

718, 742 (D. Minn. 2020) (noting that "several circuits" have recognized a direct injury to political parties where "the defendant's actions hurt the candidate's or party's chances of prevailing in an election" (collecting cases)); *Goldman v. Brink*, , 2022 WL 2024745, at *12 (E.D. Va. June 6, 2022) (similar), *aff'd as modified*, -- F.4th --, 2022 WL 2866015 (4th Cir. July 21, 2022).

## II. The legal authority and arguments developed in the NRSC's *amicus* brief will be useful to the Court in deciding the Plaintiffs' Motion.

In its proposed *amicus* brief, the NRSC endeavors to aid the Court in deciding the Plaintiffs' Motion. The NRSC analyzes legal issues that the Plaintiffs did not address and offers additional case law and arguments on issues that were not fully developed. Specifically, the NRSC's *amicus* brief: (1) provides additional authority and arguments on the severity of the burden imposed on Plaintiffs' First Amendment rights;[2] (2) provides additional authority and arguments on the failure of the Board to narrowly tailor its investigation into the Green Party's petitions;[3] (3) analyzes the *Anderson/Burdick* balancing test if strict scrutiny is not applied to the Board's action;[4] (4) analyzes Plaintiffs' due process claims against the due process test articulated by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).[5] Granting leave to file an *amicus* brief is appropriate at the trial level where *amicus* "provide[s] helpful analysis of the

---

[2] The NRSC offers four additional reasons for the Court to apply strict scrutiny, one of which being that binding Fourth Circuit case law holds that politically motivated decisions are reviewed under strict scrutiny.

[3] Plaintiffs suggest that the North Carolina statute at issue, N.C. Gen. Stat. § 163-96, is not narrowly drawn because the Board has unfettered discretion. Doc. 29 at 12. The NRSC thoroughly analyzes the division of authority envisioned by the statute and the Board's "re-review" timeline. The NRSC also addresses how North Carolina's interest in upholding the integrity of elections would have been advanced, rather than hindered, by allowing the Green Party a meaningful opportunity to defend the alleged irregularities prior to voting not to certify the new party.

[4] Plaintiffs focus on the severity of the burden imposed by the Board's actions, without providing the Court with the appropriate analysis should the Court find that the burden imposed is not severe. Doc. 29 at 9–12.

[5] Plaintiffs make a due process argument in their Memorandum, but do not analyze their procedural due process claims against the *Mathews* factors. Doc. 29 at 13.

law" or has "a special interest in the subject matter of the suit." *Kadel*, 2022 WL 1046313, at *1 (quoting *Bryant*, 923 F. Supp. at 728). The NRSC provides both here.

## CONCLUSION

For the foregoing reasons, the NRSC respectfully requests that the Court grant its Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Motion for Preliminary Injunction.

Dated: July 26, 2022

Respectfully submitted,

*/s/ C. Bailey King Jr.*
C. Bailey King Jr., N.C. Bar No. 34043
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6027
Facsimile: (704) 332-8858
bking@bradley.com

*Local Civil Rule 83.1(d) Counsel for Proposed Amicus Curiae National Republican Senatorial Committee*

*/s/ Thomas Lee Oliver III*
Thomas Lee Oliver III, Ala. Bar No. 8256-W15L*
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Fasimile: (205) 488-6041
toliver@bradley.com

*Attorney for Proposed Amicus Curiae National Republican Senatorial Committee*

*Notice of Special Appearance submitted

# CERTIFICATE OF SERVICE

I certify that on this 26th day of July 2022, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

*/s/ C. Bailey King Jr.*
C. Bailey King Jr., N.C. Bar No. 34043
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
Telephone: (704) 338-6027
Facsimile: (704) 332-8858
bking@bradley.com