IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-276-D

| NORTH CAROLINA | ) |
| GREEN PARTY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NORTH CAROLINA STATE | ) |
| BOARD OF ELECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

On July 21, 2022, the North Carolina Green Party ("NCGP"), Anthony Ndege, Michael Trudeau, Matthew Hoh, Samantha Worrell, Samantha Spence, K. Ryan Parker, and Aaron Mohammed (collectively, "plaintiffs") filed an amended complaint seeking declaratory and injunctive relief arising from their efforts to have the NCGP certified as a new political party ahead of the November 8, 2022 general election [D.E. 27]. Plaintiffs named the North Carolina State Board of Elections ("NCSBE"), all five NCSBE members, and the NCSBE executive director as defendants. Plaintiffs seek (1) a declaratory judgment that defendants unconstitutionally applied N.C. Gen. Stat. § 163-96(a)(2) to the NCGP, (2) "an order directing NCSBE to certify NCGP as a new political party entitled to place its candidates on North Carolina's November 8, 2022 general election ballot," and (3) an order "enjoining NCSBE from enforcing the July 1 filing deadline under § 163-98 as applied to Plaintiffs." Id. at 25.

The same day, plaintiffs moved for a preliminary injunction and filed a memorandum and exhibits in support [D.E. 28, 30]. On July 29, 2022, defendants responded in opposition and filed

exhibits in support [D.E. 51–53]. Plaintiffs' have until August 2, 2022, to file any reply. See [D.E. 26].

On August 1, 2022, the NCSBE held a meeting. See [D.E. 54]. As part of the meeting, the NCSBE considered whether to recognize the NCGP as a new political party under N.C. Gen. Stat. § 163-96. See id. During the meeting, the NCSBE unanimously voted to certify the NCGP as a North Carolina political party. See [D.E. 54, 54-1]. The NCSBE's unanimous decision certifying the NCGP as a new political party appears to moot plaintiffs' requests for a declaratory judgment and an injunction ordering NCSBE to certify NCGP as a new political party entitled to place its candidates on the ballot for the November 8, 2022 general election. See Eden, LLC v. Justice, 36 F.4th 166, 169–70 (4th Cir. 2022); Lighthouse Fellowship Church v. Northam, 20 F.4th 157, 162–66 (4th Cir. 2021); Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017).

If plaintiffs' first two requests for relief are indeed moot, the remaining issue concerns whether the court should "enjoin[] NCSBE from enforcing the July 1 filing deadline under § 163-98 as applied to Plaintiffs." [D.E. 27] 25. In defendants' response in opposition to plaintiffs' motion for a preliminary injunction, defendants stated they "d[o] not dispute that if certification were to occur on August 1, relief from the Court allowing for the extension or temporarily enjoining of the candidate deadline would be appropriate to ensure access to the November general election ballot." [D.E. 51] 29; see id. at 1 (stating that if the NCGP were certified as a political party, "the State Board . . . has no objection" to the court "extend[ing] the candidate filing deadline for new party candidates"). The NCSBE has certified the NCGP as a new political party under N.C. Gen. Stat. § 163-96, and the NCSBE does not object to this court enjoining the application of the July 1 deadline in N.C. Gen. Stat. § 163-98 to the NCGP and its candidates for the purpose of ensuring NCGP's candidates, particularly Matthew Hoh and Michael Trudeau, appear on the November 8, 2022

2

general election ballot. Thus, the parties apparently agree that injunctive relief ensuring that the NCGP candidates appear on the November 8, 2022 general election ballot is appropriate now that NCGP is a certified political party.

THEREFORE, the court ORDERS the following:

1. Not later than 5:00 p.m. on Wednesday, August 3, 2022, the parties SHALL file a proposed consent order resolving the issues in this case in light of the NCSBE certifying the NCGP as a political party.

2. If the parties cannot agree on a proposed consent order, each party SHALL submit its own proposed order.

3. Not later than 5:00 p.m. on Wednesday, August 3, 2022, the parties SHALL file a joint status report advising whether, in the parties' view, the court still needs to hold a hearing on Monday, August 8, 2022, at 1:00 p.m.

4. Plaintiffs MAY still file a reply to defendants' response in opposition to plaintiffs' motion for a preliminary injunction should plaintiffs choose to do so.

SO ORDERED. This 1st day of August, 2022.

JAMES C. DEVER III
United States District Judge