IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-CV-276-D-BM

| | |
|---|---|
| NORTH CAROLINA GREEN PARTY, ANTHONY NDEGE, MICHAEL TRUDEAU, MATTHEW HOH, SAMANTHA WORRELL, SAMANTHA SPENCE, K. RYAN PARKER and AARON MOHAMMED, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS and DAMON CIRCOSTA, STELLA ANDERSON, JEFF CARMON, STACY EGGERS IV, TOMMY TUCKER, and KAREN BRINSON BELL, in their official capacities as members or employees of the North Carolina State Board of Elections, <br><br> Defendants. | **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs North Carolina Green Party ("NCGP"), Anthony Ndege, Michael Trudeau, Matthew Hoh, Samantha Worrell, Samantha Spence, K. Ryan Parker and Aaron Mohammed (collectively, "Plaintiffs") respectfully submit this Reply to the Response to Plaintiffs' Motion for Preliminary Injunction filed by Defendants North Carolina Green Party ("NCSBE"), Damon Circosta, Stella Anderson, Jeff Carmon, Stacy Eggers IV, Tommy Tucker and Karen Brinson Bell (collectively, "Defendants") on July 29, 2022. [ECF No. 51.]

As the Court is aware, on August 1, 2022 NCSBE voted unanimously to certify NCGP as a new political party pursuant to N.C. GEN. STAT. § 163-96.[1] [ECF Nos. 54, 55.] NCGP is therefore "entitled to have the names of its candidates for national, State, congressional, and local

---

[1] Hereinafter, all statutory citations are to the General Statutes of North Carolina unless otherwise indicated.

1

offices printed on the official ballots….” § 163-98. At present, however, the passing of the July 1 filing deadline set forth in § 163-98 precludes NCGP from placing its candidates on North Carolina's November 8, 2022 general election ballot. Defendants have advised the Court that they do not oppose Plaintiffs' request for relief from that deadline as necessary "to ensure [NCGP's candidates'] access to the November general election ballot." [ECF 51 at 29.]

It therefore appears that the parties agree that the Court should grant injunctive relief from § 163-98 "for the purpose of ensuring NCGP's candidates, particularly Matthew Hoh and Michael Trudeau, appear on the November 8, 2022 general election ballot." [ECF No. 55 at 2-3.] Pursuant to the Court's August 1, 2022 Order, [*see id.*], Plaintiffs are working cooperatively with Defendants in an effort to file a proposed consent order on behalf of all parties that effectuates that purpose. In Plaintiffs' view, entry of such an order would obviate the need for the Court to hold the hearing presently scheduled for August 8, 2022.

As a result of the foregoing developments, Plaintiffs will not burden the Court with further briefing that addresses the issues raised in Defendants' Response. [ECF No. 51.] There is one additional development, however, which may impact this case and undermine Plaintiffs' ability to obtain the relief this Court grants by means of a consent order. On August 1, 2022, the North Carolina Democratic Party ("NCDP") reportedly announced its intention to file a lawsuit in North Carolina state court that seeks to reverse NCSBE's decision to certify NCGP as a new political party. *See* Rusty Jacobs, *NC Elections Board Certifies Green Party; Democrats to Sue*, NORTH CAROLINA PUBLIC RADIO (August 1, 2022), *available at* https://www.wunc.org/politics/2022-08-01/nc-elections-board-certifies-green-party-democrats-sue-pol (accessed August 2, 2022).

In the event that NCDP files its reported state court action, NCDP will be attempting to block Plaintiffs from obtaining the precise relief – certification of NCGP as a new political party

and placement of its candidates on North Carolina's November 2022 general election ballot – that Plaintiffs seek in this previously-filed federal court action.  Should a state court enter an order granting the relief that NCDP apparently contemplates – reversal of NCGP's certification as a political party – it could render the relief that this Court grants in a consent order ineffectual.  If a state court orders NCSBE to reverse its decision certifying NCGP as a political party, this Court's consent order enjoining enforcement of § 163-98 will be insufficient to ensure that NCGP is able to place its candidates on North Carolina's November 2022 general election ballot.

Accordingly, Plaintiffs respectfully request that the Court retain jurisdiction over this matter to enforce the terms of any consent order it enters and to grant such other and further relief as it deems appropriate.  It is well-settled that this Court has authority to retain jurisdiction for the purpose of ensuring the parties' compliance with a consent order.  *See Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 381-82 (1994).  The Court should exercise that authority here, where a non-party threatens to file what amounts to a collateral attack on any consent order that the Court enters, because the exercise of such authority is necessary to enable the Court "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Id.* at 380 (citation omitted).

Dated: <u>August 2, 2022</u>                         Respectfully submitted,

/s/Oliver B. Hall
Oliver B. Hall
CENTER FOR COMPETITIVE DEMOCRACY
P.O. Box 21090
Washington, DC 20009
202-248-9294
oliverhall@competitivedemocracy.org
D.C. Bar No. 976463


/s/Pooyan Ordoubadi
Pooyan Ordoubadi*

3

Lopez-Cobb and Ordoubadi, PLLC
134 Salem Towne Court
Apex, NC 27502
Tel: (919) 695-5569
Fax: (919) 882-9797
Email: pooyan@LCOLEGAL.com
N.C. Bar No. 49438

*Counsel for Plaintiffs*

*\*Local Civil Rule 83.1(d) Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022 the foregoing document was filed using the Court's CM/ECF system, which will effect service upon all counsel of record.

/s/Oliver B. Hall
Oliver B. Hall

*Counsel for Plaintiffs*